## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:    11-2043 (RC) |
| | : | |
| v. | : | Re Document Nos.:    6, 7 |
| | : | |
| ANNETTE PEARSON, | : | |
| *Mother and Next Friend of J.P., a minor*, | : | |
| | : | |
| Defendant. | : | |

### <u>MEMORANDUM OPINION</u>

### GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING THE DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

J.P. is a minor child who is eligible to receive special education services.  Pursuant to administrative proceedings below, J.P. was initially placed in a non-public school in Springfield, Virginia.  After one year, however, the District of Columbia Public Schools ("the District") elected to place him in one of its public schools.  J.P.'s mother subsequently filed a due process complaint against the District.  During the ensuing due process hearing, a hearing officer held that the District had not denied J.P. a free and appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, but outlined specific steps that the District should take to enhance the services that it provided to J.P.  The District now appeals the hearing officer's decision, contending that the remedy that she ordered should be vacated.  The plaintiff has filed a motion for summary judgment, and the defendant, J.P.'s mother, has filed a cross-motion for summary judgment.  For the reasons discussed below, the Court grants the plaintiff's motion, and denies the defendant's cross-motion.

## II.  FACTUAL & PROCEDURAL BACKGROUND

J.P. is a 16-year-old student in need of special education services.  Pl.'s Statement of Material Facts ("Pl.'s Stmt.") ¶ 2.  In 2010, he was given a comprehensive psychological evaluation, which indicated that he was deficient in all academic areas, and that he had attention-deficit hyperactivity disorder and depression.  *Id.*  Pursuant to a hearing officer's determination ("HOD") on November 12, 2010, the District placed and funded J.P. at Accotink Academy, a non-public school in Springfield, Virginia.  *Id.* ¶ 3.  On December 10, 2010, a Multi-Disciplinary Team ("MDT") met to review and revise J.P.'s Individualized Education Program ("IEP"), which had been developed on December 7, 2010.  *Id.* ¶ 4.  The IEP indicated that J.P. was to receive 26 hours per week of Specialized Instruction, and 240 hours per week of Behavioral Support services outside of the general education setting.  *Id.* ¶ 6.  During the 2010-11 school year, J.P. was disciplined for various offenses, including being disruptive, using foul language, not following directions, and being disrespectful.  *Id.* ¶ 9.  His grades worsened in all subjects except for one, and he was absent a total of 77 days.  *Id.* ¶¶ 10-11.

An MDT met on June 7, 2011, and proposed to change his placement to Woodson High School, a public school in the District.  Pl.'s Stmt. ¶ 9.  J.P.'s mother, the defendant in this matter, opposed that placement, stating that she wanted him to remain at Accotink.  *Id.* ¶ 14.  On June 9, 2011, the defendant filed an administrative due process complaint against the District, alleging that it had denied J.P. a FAPE.  *Id.* ¶ 15; Administrative Record ("A.R."), Due Process Compl. Notice [Dckt. #5-5] at 190.  A pre-hearing conference was held on July 11 and 20, 2011, to clarify the defendant's claims.  Pl.'s Stmt. ¶ 17.; Hearing on Decision ("HOD") [Dckt. #5-1] at 2.

After the conference, a Pre-Hearing Conference Summary and Order was issued on July 21, 2011.  Pl.'s Stmt. ¶ 17.  The pre-hearing order stated that the issues to be presented at the upcoming due process hearing were limited to those raised in the complaint, as modified by the order.  A.R., Pre-Hearing Conference Summary and Order [Dckt. #5-6] at 226.  The order certified that the issues for adjudication at the due process hearing were whether the District had denied J.P. a FAPE by 1) failing to offer a placement that could meet his needs for the 2010-11 school year; and by 2) failing to develop an appropriate IEP that included a full description of his Least Restrictive Environment ("LRE"), which was an explanation of the Specialized Instruction that he required, and by failing to develop a transition plan to an alternate setting that reflected his interests and needs, including addressing his need for independent living skills.  *Id.* at 226-27.

The due process hearing was held on August 3 and 10, 2011.  Pl.'s Stmt. ¶ 17.  During the hearing, the defendant withdrew the transition claim, where she had asserted that the District had failed to revise J.P.'s IEP to include a finalized transition plan to an alternate setting.  *Id.* ¶ 19.  On August 23, 2011, the hearing officer issued an HOD.  *Id.* ¶ 20.  The HOD addressed two issues: 1) whether the District had denied J.P. a FAPE by failing to offer an appropriate placement for the 2011-12 school year; and 2) whether the District had denied J.P. a FAPE by failing to develop an IEP that included a full description of his LRE.  HOD at 3.  After making several findings of fact, the hearing officer held that J.P.'s mother failed to prove that the District had denied him a FAPE with regard to both issues.  *Id.* at 19, 22.

The HOD also stated, however, that J.P. has significant emotional problems that interfere with his attendance and participation in school, and that the IEP failed to address his truancy and school avoidance, even as these things have impeded his ability to progress to the next grade.  *Id.* at 18.  The HOD further noted that J.P.'s mother had not addressed this issue in her complaint

3

and in the evidence that she had presented.  *Id.* at 22.  The HOD also stated that it was evident

that J.P. required "additional assistance outside of school," or, "[i]in other words . . . community

services designed to ensure" that he would get sufficient sleep, be properly nourished, get to

school on time, complete his homework, have social and recreational opportunities, and follow a

regular routine.  *Id.*

      The HOD thus ordered that the District revise J.P.'s IEP to include weekly family

counseling and that it provide him with a "trained mentor, social worker, or similar service

provider."  *Id.* at 18.  The service provider was required to arrive at J.P.'s home every morning

before school, and ensure that he would get out of bed, dress for school, eat a healthy breakfast,

and arrive at school on time, homework in hand (where the provider would walk J.P. to class, if

necessary).  *Id.*  In addition, the service provider would have to meet J.P. at school at the end of

the day, accompany him home, ensure that he ate a healthy snack, assist him with completing his

homework, and make sure that he had a healthy dinner (where the service provider would give

J.P's mother nutritional counseling, if necessary).  *Id.* at 18-19.  The service provider would have

to ensure that J.P. followed an appropriate personal hygiene routine and went to bed at a

reasonable hour, and he or she was required to make all reasonable efforts to guarantee that J.P.

received at least eight hours of sleep.  *Id.* at 19.  If necessary, the service provider would have to

assist J.P.'s mother in obtaining treatment for his sleep disorder.  *Id.*  The HOD finally ordered

that the service provider ensure that J.P. engage in therapeutic recreation at least twice a week,

for at least two to three hours per session.  *Id.*

      The District has now filed this action to appeal part of the hearing officer's decision.  The

parties have filed cross-motions for summary judgment.  The Court now turns to the parties'

arguments and the applicable legal standards.

### III.  ANALYSIS

#### A.  Standard of Review for Administrative Decisions Under the IDEA

The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education ["FAPE"] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living . . . ."  20 U.S.C. § 1400(d)(1)(A).  A "free appropriate public education" must "sufficient[ly] confer some educational benefit upon the [] child."  *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 200 (1982).  If a parent or guardian objects to the identification, evaluation, or educational placement of the student, or the provision of a FAPE, 20 U.S.C. § 1415(b)(6)(A), the parent or guardian may seek an impartial due process hearing, *id.* § 1415(f)(1).  This involves the parent or guardian filing a due process complaint, and then an independent hearing officer determining during the hearing whether the student received a free appropriate public education.  *See id.* § 1415(f)(3)(E)(i).  After the hearing, "[a]ny party aggrieved by the findings and decision . . . shall have the right to bring a civil action with respect to the complaint presented . . . ." *Id.* § 1415(i)(2)(A).

Although seeking judicial review of an administrative agency's decision by way of a summary judgment motion "is permissible under the IDEA, it is not a true summary judgment procedure.  Instead, the district court essentially conduct[s] a bench trial based on a stipulated record."  *L.R.L. ex rel. Lomax v. District of Columbia*, 2012 WL 4789532, at *3 (quoting *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993)).  As no new evidence has been submitted here, the Court will treat the parties' cross-motions for summary judgment as motions for judgment based on the administrative record.  *See S.B. v. District of Columbia*, 783 F. Supp. 2d 44, 50 (D.D.C. 2011).  In other words, rather than applying the typical standard applicable to

a summary judgment motion, which may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," FED.R.CIV.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), the court in an IDEA case conducts a summary adjudication, *Phillips v. District of Columbia,* 736 F. Supp. 2d 240, 246 (D.D.C. 2010) ("If no additional evidence is introduced by the parties in a civil suit seeking review of an administrative decision, a motion for summary judgment operates as a motion for judgment based on the evidence comprising the record.") (alterations and internal quotation marks omitted) (quoting *Thomas v. District of Columbia,* 407 F. Supp. 2d 102, 109 (D.D.C.2005)).

In evaluating a hearing officer's decision under the IDEA, the court reviews the administrative record and bases its decision on the preponderance of the evidence, where it grants relief as deemed appropriate.  20 U.S.C. § 1415(i)(2)(C)(iii).  The hearing officer's decision is afforded "less deference than is conventional in administrative proceedings." *Reid v. District of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005).  Yet while a court must "engage in a more rigorous review of the decision below than is typical in administrative cases," it should "nevertheless accord the [h]earing [o]fficer's decision due weight[,]" and should not substitute its own view of sound educational policy for that of the hearing officer.  *See Rowley*, 458 U.S. at 206.  The burden of proof is with the party challenging the administrative determination, who must "at least take on the burden of persuading the [C]ourt that the hearing officer was wrong." *Reid*, 401 F.3d at 521.

### B.  The Hearing on Decision's Order Revising the IEP to Include a Service Provider Should be Vacated

The District contends that this Court should vacate the HOD's requirement that the District revise J.P.'s IEP to include a service provider who would oversee his daily routine.

Def.'s Mot. at 14.  According to the District, the issue of J.P.'s truancy and "school avoidance" was not raised in the administrative complaint, certified as an issue to be adjudicated at the due process hearing, or agreed to by the defendant or by the District.  *Id.*  Instead, the District argues, this issue was raised *sua sponte* by the hearing officer, and the accompanying remedy to provide a service provider was not supported by the evidence presented at the hearing.  *Id.*  Thus, the District contends, this remedy should be vacated.  *Id.*

In her cross-motion, the defendant asserts that J.P.'s behavior and emotional problems were discussed in the due process complaint, and that these problems gave rise to his truancy. Pl.'s Mot. at 9.  The defendant also argues that there is no basis to limit the hearing officer's authority to provide the relief that she ordered, and that the HOD should be upheld.  *Id.*

Under the IDEA, the subject matter of a due process hearing is limited to those issues that were raised in the due process complaint by the party requesting the hearing.  34 C.F.R. § 300.511(d); *McCrary v. District of Columbia*, 701 F. Supp. 2d 191, 194 (D.D.C. 2011).  To allow the opposing party to properly defend itself during the hearing, issues that the opposing party did not have notice about may not be addressed during the hearing, unless that party agrees. 20 U.S.C. § 1415(f)(3)(B); *see also Hawaii Dep't of Educ. v. D.K. ex rel. N.K.*, 2006 WL 1646093, at *4 (D. Haw. June 6, 20060).  Many courts have independently reached this conclusion over the years, before it was codified by Congress.  *D.K. ex rel. N.K.*, 2006 WL 1646093 at *4 (discussing 20 U.S.C. § 1415(f)(3)(B)).

In this case, the issue of J.P.'s truancy was not raised in the due process complaint.  *See generally* Due Process Compl. Notice [Dckt. #5-5].  In addition, it was not identified as an issue during the pre-hearing conference, which was intended to clarify J.P.'s mother's claims, nor was it mentioned in the pre-hearing order, which explicitly stated that the issues to be presented at the

upcoming due process hearing were limited to those raised in the complaint, as modified by the order.  A.R., Pre-Hearing Conference Summary and Order [Dckt. #5-6] at 226.

Instead, the only two issues that the hearing officer certified for adjudication during the due process hearing, itself, were whether the District had denied J.P. a FAPE by 1) failing to offer him an appropriate placement, and by 2) failing to develop an IEP that included a full description of his LRE.  HOD at 3.  Neither of these issues involved addressing J.P.'s truancy; instead, both questions (and indeed, the complaint, itself) stemmed from the disagreement between J.P.'s mother and the District about where he should be placed.  *See* Pl.'s Stmt. ¶ 14; A.R., Due Process Compl. Notice [Dckt. # 5-5] at 189-90.  Specifically, his mother desired that J.P. remain at the non-public school in Virginia that he was attending at the time, while the District preferred that he attend a public school in the District.  *Id.*  Thus, neither of the certified issues addressed truancy or the other matters that the hearing officer's remedy ultimately addressed, including whether J.P. required constant daily supervision, his sleep disorder, personal hygiene, or whether he had a healthy, balanced diet.

The defendant contends that the due process complaint did mention J.P.'s emotional difficulties, which gave rise to his absenteeism from school.  Def.'s Opp'n and Cross-Mot. at 9.  Yet mentioning this general, foundational basis of J.P.'s problems was not sufficient to give the District notice that the hearing would address J.P.'s truancy, or whether it was advisable to appoint a service provider to supervise him closely on a daily basis, particularly because these issues had not been explored before.  Rather, these issues should have been raised explicitly in the complaint.  *See Corpus Christi Indep. Sch. Dist. v. C.C.*, 2012 WL 2064846, at *5 (S.D. Tex. June 7, 2012) ("Courts have also applied Section 1415(f)(3)(B) to limit petitioners from delving into previously unexplored subject areas not addressed in the due process notice or at the pre-

hearing conference . . . ." (citing *James M. ex rel. Sherry M. v. Hawaii*, 803 F. Supp. 2d 1150,

1165 (D. Haw. 2011)); *Bd. of Educ. of the Green Local Sch. Dist. v. Redovian*, 18 IDELR 1092,

1098 (E.D. Ohio 1992).  The complaint provided detailed analysis as to why Extended School

Year services should be provided, and why J.P.'s IEP should be revised to include a more

explicit description of his LRE, as well as a transition plan.  *See generally* Due Process Compl.

Notice [Dckt. #5-5].  The defendant arguing these issues in the complaint with such specificity

demonstrates that other issues involving truancy and a service provider could have been

introduced with the same level of detail; the fact that they were not indicates that they were not

"implicitly" included in the complaint, as the defendant attempts to posit.  *See* Def.'s Mot. at 9.

Indeed, the hearing on decision, itself, noted that the defendant "failed to address this

issue in her request for relief and in the evidence she presented at the due process hearing."

HOD at 18.  Thus, the hearing officer "injecting" an issue that was not raised in the complaint

was "clearly inappropriate," as she "should [have instead] limit[ed] the issues [she] consider[ed]

in reaching h[er] determination to those that were raised prior to the hearing."  *Hawaii Dep't of

Educ.*, 2006 WL 1646093, at *4 (internal citation omitted); *Redovian*, 18 IDELR at 1098

(determining that the hearing officer raising issues that were not brought by the parties was

inappropriate because it did not give the school district notice of such issues).

In addition, the IDEA requires that "a decision made by a hearing officer shall be made

on substantive grounds based on a determination of whether the child received a free appropriate

public education."  20 U.S.C. § 1415(f)(3)(E)(i).  Here, the hearing officer determined that the

District did not deny J.P. a FAPE.  HOD at 15-18.  Thus, because there was no determination

made at the hearing that DCPS had violated any of J.P.'s rights, as there was no denial of a free

appropriate publication education, the hearing officer had no substantive basis to order that the District increase its services by appointing a service provider.

Even if the hearing officer had found that there had indeed been a denial of a FAPE, the IDEA also requires that an award should be "fact-specific" and "reasonably calculated," with some indication that it satisfies the child's needs. *Gill v. District of Columbia*, 751 F. Supp. 2d 104, 111-12 (D.D.C. 2010). Yet the hearing officer here had no evidentiary basis to make the determination that a service provider should be appointed to supervise J.P. on a daily basis. *See Scorah v. District of Columbia*, 322 F. Supp. 2d 12, 19 (D.D.C. 2004) (reasoning that the hearing officer's conclusion required support by evidence put forward at the hearing). As noted above, she, herself, indicated that there was no evidence presented at the hearing regarding J.P.'s truancy, including any evidence that a service provider was essential to curbing it. HOD at 18. There is also no evidence in the record or in the hearing officer's findings of fact suggesting that daily supervision, particularly through a service provider, will resolve J.P.'s emotional difficulties and depression, the central cause of his inability to perform well in school. *See* HOD at 18 ("The evidence at the due process hearing overwhelmingly showed that [J.P.] has significant emotional problems that interfere with his attendance and participation in school."). Thus, as here, an order lacking any factual support for its award "simply cannot be affirmed." *Friendship Edison Public Charter Sch. Collegiate Campus v. Nesbitt*, 532 F. Supp. 2d 121, 125-26 (D.D.C. 2008); *Scorah*, 322 F. Supp. 2d at 19 (refusing to uphold hearing officer's conclusions that lacked any evidence in the record or factual findings).

Accordingly, because the HOD lacked both procedural and substantive grounds to order that the District appoint a service provider to supervise J.P., that portion of her decision below is vacated. The remaining aspects of the hearing officer's decision will not be disturbed, including

her determination that J.P. was not denied a FAPE, as they were not challenged and are not on appeal before this Court.[1]

## IV.  CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's motion for summary judgment and denies the defendant's cross-motion for summary judgment.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 8th day of February, 2013.

RUDOLPH CONTRERAS
United States District Judge

---

[1]  The plaintiff also asserts that the hearing officer's remedy appointing a service provider was not authorized under the IDEA, and that it fell outside of the scope of her authority.  Def.'s Mot. at 14, 18. Because the remedy is vacated on other grounds, however, the Court need not reach this issue.